[No. 8782.   Department Two.—May 15, 1885.]

## F. W. STECHHAN, RESPONDENT, v. FRANK RORABACK ET AL, APPELLANTS.

UNDERTAKING FOR ARREST—ACTION ON—JUSTICE'S COURT—APPEAL.—A defendant in an action commenced in a Justice's Court, who has been arrested and subsequently discharged by the justice, cannot maintain an action on the undertaking given to procure his arrest, while an appeal by the plaintiff to the Superior Court from the judgment of the justice remains undetermined.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. H. Allen, P. B. Ladd,* and *J. W. Harding,* for Appellants.

The appeal to the Superior Court suspended the judgment of the Justice's Court for all purposes.   (*Knowles* v. *Inches,* 12 Cal.

213; *Woodbury* v. *Bowman,* 13 Cal. 635; *People* v. *Frisbie,* 26 Cal. 135; *People* v. *Treadwell,* 66 Cal. 400; *McGarrahan* v. *Maxwell,* 28 Cal. 91.; *McGarrahan* v. *New Idra Mining Co.* 49 Cal. 331; *Thornton* v. *Mahoney,* 24 Cal. 569.) The present action having been commenced pending such appeal, was prematurely brought. (*United States* v. *Pacheco,* 20 How. 263; Freeman on Judgments, § 328; *Bryne* v. *Prather,* 13 La. An. 653; *Clark* v. *Clayton,* 61 Cal. 634; *Dougherty* v. *Dore,* 63 Cal. 170.)

*Baggett & Platt,* for Respondent.

The COURT. — The defendant Roraback commenced an action against Stechhan in a Justice's Court, and procured an order for his arrest. In procuring such order Stechhan gave an undertaking, with the other defendants herein as sureties. On the trial of the action, the justice held the arrest to have been wrongful and without cause, and discharged Stechhan. This action is on the undertaking. The defendants herein in their answer averred that after the judgment in the Justice's Court, Roraback, plaintiff therein, appealed from such judgment to the Superior Court, and that such appeal was still untried and undetermined. This portion of the answer was demurred to, and the demurrer sustained. We are of opinion that this ruling was error. On the appeal the whole case was for hearing and determination, including the question whether or not the arrest was wrongful or without sufficient cause; and until such determination it could not be known whether liability on the undertaking had been incurred.

Judgment and order reversed and cause remanded, with instructions to overrule plaintiff's demurrer to defendant's answer in the particular above noted. The demurrer was properly sustained as to the other ground therein stated.